IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF VESTAVIA HILLS,** }<br>}<br>Plaintiff, }<br>}<br>v. }<br>}<br>**GENERAL FIDELITY INSURANCE** }<br>**COMPANY,** }<br>}<br>Defendant. } | Case No. 2:11-CV-500-RDP |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand (Doc. # 5), filed February 24, 2011. The matter has now been fully briefed (Docs. # 8, 9 and 10), and the parties have had an opportunity to argue their respective positions before the court at its motion docket occurring on March 8, 2011.

**I.    Facts**

In order to fully understand the issues raised by Plaintiff's Motion to Remand, it is helpful to discuss a prior lawsuit filed in state court. On February 3, 2010, The City of Vestavia Hills ("the City") sued Cameron Development Corporation ("Cameron") and Midsouth Contractors, Inc. in the Circuit Court of Jefferson County, Alabama. (Doc. # 5-1). The Complaint in that action asserted claims of breach of contract, negligence, wantonness, specific performance, unjust enrichment, fraud, and for declaratory judgment related to work performed by Cameron and Midsouth on the City's City Hall building. (Doc. # 5-1). On November 15, 2010, judgment was entered for the City and against Cameron in the amount of $600,000. (Doc. # 5-2). Judgment was also entered against the City and in favor of Cameron in the amount of $157,737. (Doc. # 5-2). Applying an offset, this leaves the

City entitled to collect $442,263 from Cameron. (Doc. # 5-2). Cameron submitted a claim for coverage on the claims asserted in this underlying case to its insurer, General Fidelity Insurance Company ("GFIC"). GFIC denied the claim. (Doc. # 1-1 at ¶ 7).

On January 7, 2011, the City initiated this action pursuant to Alabama Code § 27-23-2 against Cameron, an Alabama Corporation, and its insurer, GFIC, to collect on the underlying judgment. (Docs. # 1-1 and 5-1). On February 14, 2011, GFIC removed this case to this court based on alleged diversity jurisdiction. (Doc. # 1). On February 24, 2011, the City filed the instant Motion to Remand. (Doc. # 5).

**II.   Analysis**

At first glance, it appears that the removal of this action was improvident. Not only are both Plaintiff, the City, and Defendant, Cameron, both Alabama citizens, but also Cameron's consent to the removal is not apparent in the removal papers. (Doc. # 1). GFIC asserts that removal is nonetheless proper because: 1) this is not a direct action where the insurer is deemed a citizen of the state of its insured; 2) GFIC is diverse from Plaintiff, the City; and 3) Cameron, also an Alabama Citizen, is due to realigned as a plaintiff such that there is complete diversity. (Doc. # 1). There is no dispute that the requisite jurisdictional amount in is controversy. (Doc. # 5-2).

The court agrees that this is not a direct action. *See Armentrout v. Atlantic Cas. Ins. Co.*, 731 F.Supp.2d 1249, 1257 (S.D. Ala. 2010). Therefore, for removal purposes, GFIC is an out of state corporation.

The dispositive issue really is whether Cameron is due to be realigned as a plaintiff to establish complete diversity. Alabama law permits the realignment of parties under certain circumstances. *See, e.g ., Ex parte State ex rel. James*, 711 So.2d 952, 968 (Ala. 1998) (noting that

"realignment of parties is permissible under the Alabama Rules of Civil Procedure").  However, as the former Fifth Circuit has noted, "[f]acts forming the basis of realignment must exist at the time of filing the original suit." *Texas Pac. Coal & Oil Co. v. Mayfield*, 152 F.2d 956, 957 (5th Cir. 1946).[1]

"In determining whether diversity of citizenship jurisdiction exists, the federal court is not bound by the way the plaintiff formally aligns the parties in his or her original pleading.  It is the district judge's duty to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute ... .'"  C. Wright & A. Miller, *Federal Practice & Procedure* § 3607 (3d ed. 2010). (quoting *Zurn Indust., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 236 (5th Cir.1988). "The necessary collision of interest has to be determined from the principal purpose of the suit, and the primary and controlling matter in dispute." *Zurn*, 847 F.2d at 236 (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941)).  "Realignment is appropriate only if the interests of the realignment parties are manifestly the same." *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F.Supp.2d 1290, 1296-97 (N.D. Ala. 2007).

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *Indianapolis*, 314 U.S. at 69.  Thus, it is the court's responsibility to align the parties according to their interests in litigation and, "if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes." *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Cameron's liability to the City has already been established by the underlying judgment. The action before the court seeks to establish that GFIC is required to pay some or all of that judgment pursuant to the policy of insurance it issued to Cameron. This is the primary and controlling matter in dispute. Indeed, the claim in this case is brought pursuant to Alabama Code § 27-23-2, a statute which specifically allows a claim by an injured party against a tortfeasor's insurer after a judgment is obtained by the injured party against the tortfeasor. At argument the parties essentially conceded that the purpose of this action is to establish insurance coverage. With regard to coverage, Cameron and the City have very similar interests. It is in the interest of both Cameron and the City that there be a declaration of coverage and an application of the insurance proceeds to satisfy the underlying judgment. On the other hand, GFIC's pecuniary interest favors a denial of coverage which conflicts with the interests of the City and Cameron. Thus, the parties are due to be realigned and, based upon that realignment, there is complete diversity of citizenship in this case.

### III.    Conclusion

For the reasons outlined above, the court finds that the City's and Cameron's interests "are manifestly the same" in this action. Therefore, realignment is necessary. Because Defendant Cameron Development Corporation is due to be realigned as a plaintiff, complete diversity of citizenship exists. Accordingly, Plaintiff's Motion to Remand is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this ____10th____ day of March, 2011.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE