IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF VESTAVIA HILLS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No. 2:11-CV-500-RDP |
| } | |
| **GENERAL FIDELITY INSURANCE** } | |
| **COMPANY, et al.** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OF OPINION

This matter is before the court on Vestavia Hills' ("Plaintiff" or the "City") Motion for Certification of Interlocutory Order for Appeal (Doc. # 13), filed March 21, 2011. General Fidelity Insurance Company ("GFIC") has opposed the motion (Doc. # 15), and Vestavia Hills has replied to that response. (Doc. # 16).

On January 7, 2011, the City initiated this action pursuant to Alabama Code § 27-23-2 against Cameron Development Corporation, an Alabama Corporation, and its insurer, GFIC. (Docs. # 1-1 and 5-1). The purpose of the suit is to collect on an underlying judgment the City had obtained against Cameron. (*Id*.). On February 14, 2011, GFIC removed this case to this court based on alleged diversity jurisdiction. (Doc. # 1). On February 24, 2011, the City filed a Motion to Remand. (Doc. # 5). On March 10, 2011, the court denied the City's Motion to Remand. (Doc. # 12).

An order denying a motion to remand is not among the orders from which an appeal lies as a matter of right. 28 U.S.C. § 1292(a); *Druhan v. American Mutual Life*, 166 F.3d 1324 (11th Cir. 1999). Accordingly, in its motion, the City seeks certification of the court's March 10, 2011 order

denying the motion to remand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292.

The Eleventh Circuit has explained the requirements for certification under § 1292(b). *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251 (11th Cir. 2004). First, there must be a "controlling question of law," which is defined as a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin*, 381 F.3d at 1258. Second, there must be "substantial ground for difference of opinion." *Id.* Third, the appeal should "materially advance the termination of the litigation." *Id.* In *McFarlin,* the Eleventh Circuit further summarized that,

> [Section] 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.

*McFarlin*, 381 F.3d at 1259.

Plaintiff asserts that the controlling question here is, essentially, whether this court abused its discretion in realigning the parties to this case based upon their actual interests where the state statute governing the action, *Alabama Code* § 27-23-2, *required* Plaintiff to initiate its action *against*

both the insured and the insurer.  (Doc. # 13 at 4).  Section 27-23-2 is a statute which specifically allows a claim by an injured party against a tortfeasor's insurer after a judgment is obtained by the injured party against the tortfeasor.  In light of the underlying judgment, which is a precondition to suit, the interests of Plaintiff and that of the insured in such an event are, in reality, aligned on the primary issue: insurance coverage.  Thus, the question to be resolved is whether § 27-23-2 prohibits the court from applying the substantive realignment analysis.[1]  This is a pure question of law.

The court concludes there is a "substantial ground for difference of opinion" for two reasons.  First, under similar circumstances, a highly respected judge in the Middle District of Alabama (the Honorable Mark Fuller) did not realign the parties.  *See Cason v. Western Heritage Ins., Co.*, 2009 WL 4067270 (M.D. Ala. 2009).  Second, the parties have not pointed this court to (and the court has not on its own found) any guidance on this precise issue from either the Eleventh Circuit or the Alabama Supreme Court.  Thus, the second *McFarlin* factor is also satisfied here.

Finally, there can be little dispute that an interlocutory appeal should "materially advance the termination of the litigation."  If this court was in error in realigning the parties, then it is without subject matter jurisdiction in this case.  An interlocutory appeal will resolve that issue now, rather than later.[2]  Thus, the court finds that certification for an interlocutory appeal would advance the termination of the litigation.

---

[1] The court is of the opinion that the underlying purpose of requiring the injured party to file the § 27-23-2 action against both the insured and the insurer is simply to provide a mechanism to get all interested parties before the court.

[2] Stated differently, if Plaintiff is correct and this court should not have realigned the parties, and if an interlocutory appeal is not certified, this case could proceed through discovery, dispositive motions and even trial only to have the Court of Appeals later determine that this court did not have jurisdiction.  In that case, and at that advanced stage of litigation, the case would be remanded to state court.

This is one of those cases where the Court of Appeals will have presented to it a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts. *McFarlin*, 381 F.3d at 1259. "Although, answering the certified question may not 'substantially reduce the amount of litigation left in the case', *McFarlin*, 381 F.3d at 1259, it would guide the parties to litigate in the court with appropriate jurisdiction." *Dial v. Healthspring of Alabama, Inc.*, 612 F.Supp.2d 1205, 1208 (S.D. Ala. 2007). Therefore, the question of whether a district court may, in a case brought under *Alabama Code* § 27-23-2, which requires a plaintiff to initiate the action against both the insured and the insurer, exercise its discretion to realign the parties based upon their actual interests, is certified to the Eleventh Circuit for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Additionally, because this is a jurisdictional issue, if Plaintiff makes application to the Eleventh Circuit within ten (10) days, as required by § 1292(b), the court finds that all proceedings in this court are due to be stayed pending a decision as to whether an interlocutory appeal will be allowed and, if so, pending a final determination on appeal. The court will enter a separate order in accordance with this Memorandum of Opinion.

**DONE** and **ORDERED** this _____11th_____ day of April, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE